**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAWIT MAKONNEN,

Plaintiff,

v.

DOES 1–10, all in their official capacities,

Defendants.

Case No.: 3:26-cv-00860-AGS-VET

**ORDER GRANTING USCIS' MOTION TO FILE A-FILE UNDER SEAL**

[ECF No. 15]

Before the Court is the United States Citizenship & Immigration Services' ("USCIS") unopposed Motion to File A-File Under Seal. ECF No. 15 ("Motion"). USCIS requests to file Petitioner Dawit Makonnen's ("Petitioner") alien file ("A-File") under seal in connection with his Petition (ECF No. 1) to correct his date of birth on his Certificate of Naturalization. *See* ECF Nos. 1, 13, 14, 15. Defendant lodged a sealed copy of the A-File. ECF No. 16. Based on a review of the record and the Motion, the Court **GRANTS** the Motion for the reasons set forth below.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. To overcome this presumption of access, the party must demonstrate either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Ctr. for Auto*, 809 F.3d at 1096–97. If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass this threshold, the "good cause" standard applies. *Id.* Further, "[e]ven if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible." *Craig v. Am. Tuna, Inc.*, No. 22-cv-00473, 2023 U.S. Dist. LEXIS 211558, at *10 (S.D. Cal. Nov. 28, 2023).

## II. ANALYSIS

First, the Court finds that the "compelling reason" standard applies to the Motion. Petitioner moves the Court to amend his date of birth on his Certificate of Naturalization issued by the Court on April 29, 1988. ECF Nos. 1 at 1–2, 13 at 1. USCIS moves to file Plaintiff's A-File under seal to assist the Court with evaluating the Petition. ECF No. 15 at 1. Because the A-File contains Petitioner's immigration history (*see* ECF No. 15 at 2), it is

relevant to the merits of the Petition. Accordingly, the A-File is more than tangentially related to the merits of the case.

Second, the Court finds there are compelling reasons to grant the Motion. Petitioner's A-File includes Petitioner's asylum application and personally identifiable information such as his social security number, birthday, home address, and employment history. *See* ECF No. 16. Thus, the A-File includes private, sensitive, and confidential information that is not publicly available. *See, e.g.*, *Sultonkulov v. Casey*, No. 26-CV-848-JLS-DEB, 2026 U.S. Dist. LEXIS 58288, at *3–4 (S.D. Cal. March 19, 2026) (granting motion to seal certain documents because they contained confidential information related to the substance of petitioner's asylum application); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095–96 (E.D. Cal. 2025) (granting motion to seal any information related to petitioner's asylum application due to the sensitive nature of the allegations). Moreover, any attempt to redact such information within the A-File would be impractical. For these reasons, sealing the A-File in its entirety is appropriate.

## III. CONCLUSION

Accordingly, the Court **GRANTS** the Motion to File A-File Under Seal. ECF No. 15. The Clerk of the Court **SHALL FILE** the Lodgment (ECF No. 16) **UNDER SEAL**.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Honorable Valerie E. Torres
United States Magistrate Judge